IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMAS MERVYN, individually and on behalf of all others similarly situated,<br>　　　　Plaintiff,<br><br>　　v.<br><br><br><br>ATLAS VAN LINES, INC., and ACE WORLD WIDE MOVING & STORAGE CO., INC., individually and on behalf of all others similarly situated,<br><br>　　　　Defendants. | Case No: 13-3587<br><br><br><br>Judge Ronald A. Guzman<br>Magistrate Judge Susan E. Cox |

## ORDER

Defendants, Atlas van Lines, Inc. and Ace World Wide Moving & Storage Co., Inc. have filed a motion to quash the notice of deposition of Sally Plemons, an employee of Ace [dkt. 58]. Because we find that Plaintiff has relevant knowledge of the terms and calculations at issue in this case, and that knowledge is applicable to Plaintiff's individual claims against Defendant, we deny Defendants' motion.

## STATEMENT

Defendants, Atlas van Lines, Inc. ("Atlas") and Ace World Wide Moving & Storage Co., Inc. ("Ace") have filed a motion to quash the notice of deposition of Sally Plemons, an employee of Ace. Defendants argue that Ms. Plemons' knowledge relevant to this case relate only to the Class Action issues, not to issues raised by the Plaintiff, Thomas Mervyn, individually. In addition, Defendants claim that Plaintiff has provided no reasonable basis for requiring the deposition. Arguing that Ms. Plemons' deposition is relevant to Mr. Mervyn's individual claims, Plaintiff opposes the motion on the grounds that it is wholly lacking in merit, and that there is more than an a reasonable basis for taking Ms. Plemons' deposition. In its response, Plaintiff has

provided a reasonable basis, and the deposition should proceed.

This case is an action on behalf of Plaintiff to recover compensatory damages, treble damages, declaratory, and injunctive relief against Defendants Atlas and Ace individually and on behalf of all others similarly situated for Defendants' alleged practice of knowingly and unlawfully miscalculating and reducing payments to vehicle owner-operators. Defendant Atlas is a motor carrier based in Evansville, Indiana. Atlas operates a cooperative van line, owned by its agents, and is the assignee of lease agreements from owner-operators. Ace, an agent of Atlas, is a moving company based in Cudahy, Wisconsin. Mr. Mervyn, an owner-operator of a moving van and truck, entered into a lease agreement listing Atlas as the carrier within the purview of 49 U.S.C. § 14102 and 49 C.F.R. § 376.12.

At issue in this case is whether Atlas and/or Ace are in breach of contract and/or violation of 49 C.F.R. § 376.12(d) based on their practice of compensating owner-operators from May 2009 to the present. Plaintiff states that federal statute requires: 1.) that authorized carriers disclose in lease agreements with owner-operators the amounts to be paid by the carrier for the drivers' services; and 2.) that the owner-operators' payment should be calculated using a fixed percentage of line haul and accessorial service charges. Plaintiff alleges that Atlas and/or Ace did not disclose this amount, and that Atlas and/or Ace based its calculations on an understated amount of line haul and accessorial service charges, thus, underpaying owner-operators. This practice is referred to as a "bottom-line discount." The meaning of this term, which appeared in the lease agreement between the parties, is at issue in this case. Defendant argues that the term has a plain meaning, while the Plaintiff claims that the term is ambiguous.

In regards to Defendant's motion to quash the notice of deposition, at issue is whether the testimony of an employee of Ace, Ms. Sally Plemons, is relevant to Mr. Mervyn's individual claims that Atlas and/or Ace are in violation of 49 C.F.R. § 376.12(d) given their alleged practice of reducing the compensation owed to owner-operators by applying "bottom line discounts." Plaintiff's response to this motion adequately argues that they have a reasonable basis upon which to depose Ms. Plemons.

In its Rule 26(a)(1) disclosure, Defendant listed Ms. Plemons, an employee of Ace with knowledge of Ace contractor matters, driver files, and qualifications and contract administration.

Defendant first argues that Ms. Plemons was included in the disclosure as a possible witness in relation to the Class Action issues, not to Mr. Mervyn's individual claims. Defendant also argues that Ms. Plemons' deposition is irrelevant, claiming the job responsibilities listed were not assigned to Ms. Plemons during the time Plaintiff was employed by Defendant and, thus, not related to Plaintiff's individual claims. As support, Defendant offers Ms. Plemons' affidavit stating that she has not had any interaction with "bottom line discount" calculations in over 20 years. Additionally, she states that she was never Mr. Mervyn's dispatcher, therefore, her deposition would not be relevant to Plaintiff's individual claims. Finally, Defendant cites the Advisory Committee on the Federal Rules of Civil Procedure's Notes on the 1983 Amendments to Rule 26(b)(1) (now Rule 26(b)(2)(C)(iii)) and Rule 16, noting that courts have followed these rules to temper the "problem of over-discovery."

Plaintiff argues that Ms. Plemons' deposition is necessary to its case to establish, by Defendant admission, that Mr. Mervyn was not made aware of "bottom-line discount" rule or amount changes. In support of its argument, Plaintiff first points to the deposition of Patricia Dalman, the Chief Financial Officer of Ace. Her testimony indicated that Ms. Plemons – along with perhaps one other Ace employee – has knowledge of the meaning of the term "bottom line discount" and the calculations used to determine its application. Ms. Dalman further identified Ms. Plemons as having knowledge of any changes in the rules governing these discounts, and as being charged with the responsibility of communicating to owner-operators such as Mr. Mervyn any changes in the rules governing these discounts. Finally, Plaintiff offers Mr. Mervyn's affidavit that Ms. Plemons was his dispatcher (despite her official title at Ace), and that Ms. Plemons communicated with him regarding his shipments.

We find that Defendant's argument that Ms. Plemons' notice of deposition should be quashed is without merit. As noted by the Plaintiff, she has relevant knowledge of the terms and calculations at issue in this case and that knowledge is applicable to the Plaintiff's individual claims against the Defendant. Plaintiff has provided a reasonable basis for the deposition to proceed. The Court, therefore, denies the motion to quash the notice of deposition for Sally Plemons [dkt. 58].

Date:   12/11/13                                        /s/ Susan E. Cox, U.S. Magistrate Judge