# IN UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| THOMAS MERVYN, individually and on behalf of all others similarly situated,<br>    Plaintiff,<br><br>    v.<br><br>ATLAS VAN LINES, INC. and<br>ACE WORLD WIDE MOVING & STORAGE<br>CO., INC., individually and on behalf of all<br>Others similarly situated,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 13 CV 03587<br><br>Judge Ronald A Guzmán<br>Magistrate Susan E. Cox |

## ORDER

Plaintiff Thomas Mervyn filed a motion to compel Defendants, Atlas van Lines, Inc. and Ace World Wide Moving & Storage Co., Inc., to produce subsequent versions of owner-operator agreements created since September 1, 2011 [dkt 66]. The Court finds that the documents sought are not discoverable under Rule 26 of the Federal Rules of Civil Procedure and the Plaintiff's motion is denied.

## STATEMENT

SUSAN E. COX, Magistrate Judge

Plaintiff's motion to compel seeks copies of all versions of owner-operator agreements (including compensation schedules pertaining to those agreements) created since September 1, 2011. Plaintiff argues that these documents are discoverable under Rule 26 of the Federal Rules of Civil Procedure because the subsequent agreements may have different or clearer definitions of the terms "effective bottom-line discount" and "predetermined bottom-line discount." Plaintiff argues that these subsequent definitions are relevant because the Defendant claims that the meanings of these terms are clear and unambiguous. Plaintiff seeks the subsequent contracts to investigate how Defendants defined these terms and argues that he would be entitled to introduce the subsequent agreements to contradict Defendants' argument that the terms are clear and unambiguous. The Defendants argue that the subsequent agreements are not discoverable because they are not relevant and not likely to lead to admissible evidence.

Rule 26 states that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Further, Rule 26 states that relevant discovery items may include "the existence, description, nature, custody, condition, and location of any documents," and that "relevant information need not be admissible at the trial if the discovery

appears reasonably calculated to lead to the discovery of admissible evidence."[1] Subsequent contracts are not admissible to show culpable conduct or to show that the language of a previous contract was ambiguous.[2]

Pursuant to the explicit language of case law and Federal Rule of Evidence 407, the subsequent agreements are not admissible evidence and could not be used to challenge whether the language of the existing agreement is clear and unambiguous.[3] Therefore, the subsequent agreements are only discoverable if they are "reasonably calculated" to lead to admissible evidence. Here, Plaintiff has not offered any explanation as to how the subsequent agreements are likely to lead to admissible evidence. Instead Plaintiff argues that the Court should find the subsequent agreements discoverable because Judge Feinerman found them discoverable in a similar case, *Mervyn v. Nelson Westerberg, Inc.*, case no. 11 CV 6594 ("*Mervyn I*").

In *Mervyn I*, Judge Feinerman found that the subsequent agreements were discoverable because he agreed with the plaintiff's argument that they were likely to lead to admissible evidence. In *Mervyn I,* the plaintiff argued that it could use the subsequent agreements during depositions to explore how the parties intended to use the term "effective bottom line discount." Based on that argument, Judge Feinerman granted the motion to compel and ordered the defendant to produce the subsequent agreements. Judge Feinerman's ruling is inapplicable to the Court's analysis in resolving the current motion to compel because, here, Plaintiff has failed to articulate how the subsequent agreements could lead to the discovery of admissible evidence in this case.

The Court finds that the owner-operator agreements created after September 1, 2011 are not admissible and are not likely to lead to admissible evidence. As such they are not discoverable under Rule 26 of the Federal Rules of Civil Procedure. Plaintiff's motion to compel is denied [dkt. 66].

Date: February 12, 2014                                            /s/ Magistrate Judge Susan E. Cox

---

[1] Fed. R. Civ. P. 26(b)(1)
[2] Fed. R. Evid. 407; *Pastor v. State Farm Mut. Auto. Ins. Co.,* 487 F.3d 1042 (7th Cir. 2007); *OOIDA v. Landstar System, Inc.*, 622 F.3d 130 (11th Cir. 2010).
[3] *Id.*