Thomas Mervyn, individually and on )
behalf of all others similarly situated, )
        Plaintiffs, )        Case No: 13 C 3587
         )
        v. )
         )        Judge Ronald A. Guzmán
Atlas Van Lines, Inc. et al., )
        Defendants. )

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, Plaintiff's motion for class certification [124] is denied without prejudice to renewal upon the completion of fact discovery. The Court adopts the R&R [135] to the extent that it denies class certification pending further discovery. The Court sustains Defendants' objection to the extent that it seeks a *de novo* review of the class certification motion. The Court overrules Plaintiff's objection on the ground that the Court enter and continue the motion for class certification pending further discovery rather than deny it without prejudice to renewal after such discovery. Class discovery shall begin immediately and close on October 9, 2015. Requests for extension will be highly disfavored. Plaintiff's class certification motion is due no later than October 23, 2015, the response is due no later than November 13, 2015, and any reply is due no later than November 30, 2015. Ruling will be by mail.

## STATEMENT

Upon the Court's instruction, Plaintiff filed a motion for class certification based on discovery directed only to the individual plaintiff and not the class. (Dkt. # 138-3, at 14-15.)[1] The Court referred the class certification motion to the magistrate judge, who recommended that Plaintiff's motion for class certification be denied with leave to renew the motion upon completion of class discovery. (Report & Recommendation ("R&R"), Dkt. # 135.) Both parties have filed objections to the R&R. Plaintiff asks only that this Court enter and continue the motion for class certification rather than deny it in order to preserve what he believes to be his one opportunity to file an interlocutory appeal of an order granting or denying class certification. Fed. R. Civ. P. 23(f). Defendants contend that Plaintiff's objection is unnecessary because the Seventh Circuit has the discretion to allow more than one interlocutory appeal of a class certification order. *McReynolds v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*, 672 F.3d 482, 486 (7th Cir. 2012).

Moreover, in their objections, while Defendants do not object to the denial of the class certification motion, they believe that this Court should perform a *de novo* review of the parties'

---

[1] At the same hearing, the Court denied Defendants' request to file a summary judgment motion and ordered that the class certification motion be briefed first.

class certification arguments and deny the motion for class certification on the merits without leave to Plaintiff to conduct further class discovery or file another class certification motion.

As is relevant here, Plaintiff alleges that Defendants violated 49 C.F.R. § 12(d), which provides in relevant part that "[t]he amount to be paid by the authorized carrier for equipment and driver's services shall be clearly stated on the face of the lease or in an addendum which is attached to the lease." 49 C.F.R. § 12(d). Specifically, Plaintiff alleges that:

> Defendants violated § 376.12(d) by applying undisclosed additional deductions and/or discounts, which were not identified in the lease agreements, to the actual line haul and accessorial service charges upon which owner operator compensation was supposed to be based. By applying what amounts to two separate discounts to arrive at two different line haul amounts, Atlas and/or Ace and the members of the Defendant Class violated the disclosure requirements of § 376.12(d).

(Compl., Dkt. # 1, ¶ 27.)

Plaintiff proposes a plaintiff class as follows:

> All equipment owner-operators in the United States who, during the period from May 14, 2009, through the present, had or have lease agreements that identify Atlas Van Lines, Inc. as the carrier, and which are subject to federal regulations contained in Part 376 of the Code of Federal Regulations.

"To be certified, a proposed class must satisfy the requirements of Federal Rule of Civil Procedure 23(a), as well as one of the three alternatives in Rule 23(b)." *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 811 (7th Cir. 2012). Rule 23(a) requires Plaintiff to prove "numerosity, typicality, commonality, and adequacy of representation." *Id*. Plaintiff seeks certification under Rule 23(b)(3), which also requires him to prove that: (1) the questions of law or fact common to the members of the proposed class predominate over questions affecting only individual members; and (2) a class action is superior to other available methods of resolving the controversy. *Id*. In deciding a class certification motion, the Court must conduct a "rigorous analysis" before it can determine whether Plaintiff has satisfied Rule 23's requirements. *Id*. (internal quotation marks omitted). This means that the Court might need to resolve issues that also bear on the merits of the claim, but only if those issues overlap with class certification issues. *Id*.

As to numerosity, the Court agrees with the R&R that issues related to how many potential class members exist depend on several factors, including: (1) whether the contracts are indeed form contracts or contain similar terms, such as pricing, discounts and express limits on the number of days an owner-operator is permitted to dispute the financial entries on the payment documents from a particular shipment; and (2) whether the revenues were allocated to the owner-operators in a similar fashion across all of the contracts. If express time limits to dispute payment exist but vary among contracts, the Court will need to determine whether ascertaining if putative class members

complied with those provisions precludes a finding of commonality or predominance. Moreover, there is evidence that some owner-operators are paid based on mileage, not linehaul charges.

The Court further notes that while variances in state law regarding the breach of contract claims may play a part in deciding whether a class should be certified, this issue cannot be addressed until it is known whether the putative class members' contracts contain uniform choice of law provisions and, if not, which state's law would apply to any particular contract. When that determination is made, then a comparison of the various states' laws will need to be performed to ascertain whether variations between the laws precludes class certification. In addition, the Court does not know the potential stake at issue for putative class members, which is a consideration in determining whether certification of a class is a superior method of litigating these claims. Thus, any conclusions based on contract-specific issues cannot be made at this point in time without further discovery.

Defendants argue that class certification is inappropriate because determination of damages will require a shipment-by-shipment analysis, thus causing individual inquiries to predominate over common ones. *Owner Operator Indep. Drivers Ass'n, Inc. v. Landstar Sys., Inc.*, 622 F.3d 1307, 1327 (11th Cir. 2010) ("Because the Owner–Operators failed to establish that actual damages can be easily calculated for all class members, the District Court did not abuse its discretion in decertifying the class for actual damages."). While it is true that there are possibly hundreds if not thousands of shipments at issue, which may include different rates and discounts, without further discovery and an analysis of the contracts, the Court is unable to determine at this stage whether such differences preclude class certification. Defendants also assert that because Truth-in-Leasing Act claims require a showing of detrimental reliance, class certification is not appropriate because of the individual reliance determinations to be made. *Owner-Operator Indep. Drivers Ass'n, Inc. v. Landstar Sys., Inc.*, No. 3:02-CV-1005-J-25MCR, 2012 WL 6827463, at *7 (M.D. Fla. Aug. 30, 2012) ("Thus, as the Eleventh Circuit reiterated, for the Plaintiffs in this case to recover actual damages, each Plaintiff must show that he suffered a loss because he relied on an inaccurate or incomplete disclosure, in regards to section 376.12(d), by Landstar" and denying plaintiffs' requests for damages because they acknowledged that they continued to accept loads for transfer despite knowing of certain improper fees). Again, while detrimental reliance issues may lead to individual inquiries that doom class certification, the Court cannot make a determination on this issue on the limited record here.

For these reasons, the Court adopts the R&R to the extent that it denies class certification pending further discovery. The Court sustains Defendants' objection to the extent that it seeks a *de novo* review of the class certification motion, and has reviewed the briefing on the motion for class certification in ruling on the parties' objections. The Court overrules Plaintiff's objection on the ground that the Court enter and continue the motion for class certification pending further discovery rather than deny it without prejudice to renewal after such discovery. The Court agrees with Defendants' assertion that denial with leave to take discovery does not create a "use it or lose it" obligation to file a Rule 23(f) appeal. *See McReynolds v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 672 F.3d 482, 486 (7th Cir. 2012) ("But it doesn't follow that the failure to take a timely appeal

from one interlocutory order operates as a forfeiture, jurisdictional or otherwise, of the right to appeal a subsequent order. For the later motion may not be, either in form or, more important, in substance, a motion to reconsider the previous denial. A rule limiting parties to one interlocutory appeal from a grant or denial of class certification would disserve Rule 23(f).”). Thus, dismissal without prejudice to renewal should not prejudice the Plaintiff.


**Date**: June 9, 2015

_____

**Ronald A. Guzmán**
**United States District Judge**